# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-441V

| | |
|---|---|
| T.S.,<br><br>　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 3, 2025 |

*Brynna Gang*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

### **ORDER GRANTING IN PART MOTION TO REDACT**[1]

　　　　On January 11, 2021, T.S. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.* (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccine received on November 11, 2019. Petition (ECF No. 1). After the case was assigned to the Special Processing Unit of the Office of Special Masters, and both parties briefed the issues requiring resolution, a Ruling on Entitlement and Decision Awarding Damages was entered on November 19, 2024 (ECF No. 62) (hereinafter "Ruling").

　　　　On December 2, 2024, Petitioner filed a timely Motion for Redaction (ECF No. 63). In it, she seeks reduction of her full name down to her initials throughout the Ruling "and *any future Court documents.*" Motion at 1 (emphasis added). Petitioner's concern centers on the Ruling's discussion of her employment – which was relevant to resolving the case

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

in her favor, but if publicly disclosed in connection with her full name, could potentially "bias current or potential future employers… directly impact[ing] her ability to provide financial support as well as the necessary health benefits for herself and her family." *Id.* at 4.

Respondent has not taken a position regarding the request for redaction. Response filed December 16, 2024 (ECF No. 65). Petitioner has not filed a reply. The matter is ripe for adjudication.

I. **Legal Standard**

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection; instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant*

2

*grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

## II.     Analysis

Under the correct standard, a petitioner's *general* concern for privacy, shared by many vaccine case petitioners, is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at 461. But in this case Petitioner has made a sufficient showing. As she notes, the Ruling discusses her employment in a medical/ healthcare field; her worker's compensation claim; and her subsequent loss of employment and employer-sponsored health insurance claim, among other things. And she has persuasively argued that public disclosure of the same circumstances in connection with her full name could negatively impact her current or future employment prospects. Replacement of her full name with her initials appropriately alleviates Petitioner's concern, and does not violate any obvious public interest. Accordingly, that requested relief will be granted.

The scope of relief, however, shall be limited (and I make this limitation solely because the Motion appears to contemplate a greater degree of redaction). Petitioners are not entitled to sweeping redaction of every document filed in a case, or every pleading or special master order/directive, simply because the ultimate decision in the matter reveals personal information that is deemed appropriately a basis for redaction. Rather, it is such a decision, in which the special master's reasoning is laid out in specific detail, that is the properly redacted document.

**Conclusion**

For the reasons set forth above, I hereby **GRANT** **in part Petitioner's Motion for Redaction filed on December 2, 2024 (ECF No. 63).**

**The Clerk of Court is instructed to amend the case caption to what is reflected above. Afterwards, a redacted version of the Ruling on Entitlement and Decision Awarding Damages entered on November 19, 2024 (ECF No. 62) shall be entered onto the docket for public accessibility.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master